IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN RENE URIAS,

    Plaintiff,

v.                                                                                                                          CIV 16-1063 KBM

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social
Security Administration,

    Defendant.

## **ORDER AWARDING ATTORNEY FEES UNDER EAJA**

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act (EAJA), with Supporting Memorandum (*Doc. 22*), filed on September 1, 2017. Defendant opposes an award of EAJA fees and argues that the Acting Commissioner's position was substantially justified. *Doc. 23* at 2. Having reviewed the motion and exhibits, briefs submitted by the parties, and relevant law, the Court finds an award of fees in the amount requested is reasonable in this case.

Plaintiff initiated this case seeking remand of the Commissioner's denial of her application for social security benefits arguing, among other things, that the Administrative Law Judge (ALJ) committed reversible error in her weighing of Plaintiff's treating counselor's opinions (*Doc. 15* at 5) and by failing "to reconcile an inconsistency in the VE testimony with information in the Dictionary of Occupational Titles," (*id*. at 21).

---

[1] Effective January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

This Court agreed, finding "that this matter should be remanded for reevaluation of the weight to be afforded to the opinion of [Plaintiff's] treating counselor, Ms. Coker, and of the jobs that are available to her given her RFC." *Doc. 20* at 20.

Plaintiff now seeks attorney fees under the Equal Access to Justice Act (EAJA). "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 241(d)(1)(A)). The parties here disagree on the second factor: whether the position of the Acting Commissioner was "substantially justified."

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir 1995) (citing *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992)). The Commissioner bears the burden to establish that her position was substantially justified, both on appeal to the district court and during the underlying administrative proceedings. *Hackett*, 475 F.3d at 1172; *see also Tomlinson v. Colvin*, CIV-15-699-STE, 2016 WL 5316740, at *1 (W.D. Okla. Sept. 22, 2016). "Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Tomlinson*, 2016 WL 5316740, at *1 (quoting *Hackett*, 475 F.3d at 1174 (internal quotation omitted)).

The ALJ offered three reasons for discounting the opinions of Ms. Coker: (1) that she was "not an acceptable medical source under the regulations"; (2) that "although the claimant was in therapy sessions with this provider, no mental status examinations

were performed"; and (3) that Plaintiff's level of daily activities were "highly inconsistent with Ms. Coker's imposed limitations." *Doc. 20* at 8 (citing *AR* at 19). After closely examining each of the three reasons given by the ALJ for discounting the opinions of Ms. Coker, the Court determined that she committed legal error. *Doc. 20* at 10. The Court now reviews both the ALJ's decision as well as the Defendant's litigation position before this Court for substantial justification.

Previously, this Court explained that Ms. Coker's status as a non-acceptable medical source or "other source," though relevant in some circumstances, was not a "legally sound" reason to reject her findings as to impairment severity and functional effects. *Id.* at 10-11. Defendant now submits that the ALJ "reasonably noted that Ms. Coker was a nonacceptable medical source." *Doc. 23* at 6. While it may have been reasonable for the ALJ to *note* Ms. Coker's status as a nonacceptable medical source, the Court finds that it was *not* reasonable for her to rely on this status as a basis for rejecting her opinions. *See AR* at 19 (ALJ explaining that she gave "little weight to the opinion of Ms. Coker, as she is not an acceptable medical source under the Regulations"). Indeed, the ALJ ran afoul of Social Security Ruling 06-03p when she offered this particular reason, apart from any application of the *Watkins* deference factors,[2] in support of her rejection of the opinions of Ms. Coker. *See* SSR 06-03p, 2006

---

[2] The *Watkins* deference factors, which apply to non-acceptable medical sources, just as they apply to acceptable medical sources, are as follows:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the

WL 2329939 at *3. The Court finds no reasonable basis for such legal error, or for Defendant's litigation position arguing that reliance on this reason did not constitute legal error.

Second, the Court previously found that the absence of formal mental status examinations in Ms. Coker's records was an insufficient reason for the ALJ to discount her opinion. *Doc. 20* at 12. In response to Plaintiff's Motion for EAJA fees, Defendant now contends that it was reasonable for the ALJ to justify the weight she gave Ms. Coker's opinions by noting that her records did not contain formal mental status examinations, which, Defendant suggests, amount to a type of "clinical findings." *Doc. 23* at 4. As Defendant points out, 20 C.F.R. § 404.1527(c)(3) requires that ALJs consider the "medical signs and laboratory findings" that support an opinion. *See Doc. 23* at 4. Conceding that there is no specific requirement that a counselor conduct a mental status examination, Defendant maintains that it was nevertheless reasonable for the ALJ to rely upon the absence of such an examination in discounting Ms. Coker's opinion. *Id.* (citing *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) for the proposition that a treating physician's report may be rejected if unsupported by medical evidence).

Plaintiff, in contrast, argues that Ms. Coker *did* make objective clinical findings, including the observation of symptoms of fearfulness, anxiety, distress, and tearfulness. *Doc. 24* at 3 (referencing *AR* at 584-87, 594-96). As previously noted by this Court, in *Schwartz v. Barnhart*, 70 F. App'x 512, 517-18 (10th Cir. 2003) the Tenth Circuit rejected the notion that there is a "'dipstick' test for disabling depression," reversing an

---

area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

ALJ who discounted a treating psychologist's opinion for failure to perform a "thorough mental status exam." *Doc. 20* at 12. Ultimately, where many of the findings in Ms. Coker's records mirror the type of information obtained through a formal mental status examination, it was unreasonable for the ALJ to discount Ms. Coker's opinions based upon the absence of such examinations. Likewise, the position taken by Defendant on this issue was not substantially justified.

Third, characterizing the daily activities described by Plaintiff in her Function Report as "unquestionably qualified," the Court explained that it was "difficult to reconcile the contents of [the] function report with the ALJ's description of Plaintiff's daily activities." *Id.* at 15. In the Court's view, the ALJ's third reason for discounting Ms. Coker's opinions was also flawed. *Id.* Defendant now posits that its position and that of the ALJ – that Plaintiff's description of her daily activities stood in contrast to the extreme functional limitations found by Ms. Coker – had a reasonable factual and legal basis. *Doc. 23* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)). While the extent of a plaintiff's daily activities may be a reason for discounting or rejecting a treating source's opinion in some cases, here it was unreasonable for the ALJ to omit the significant qualifications offered by Plaintiff as to those activities. The ALJ, and Defendant in turn, relied upon mischaracterizations of Plaintiff's Function Report to inaccurately portray her life as robust and virtually unaffected by fibromyalgia symptoms. As such, their positions were not reasonable in fact.

Having passed upon the reasonableness of each of the three bases for discounting the opinions of Ms. Coker, the Court finds that Defendant has not met its

burden to show that its position and that of the ALJ was substantially justified as to the treatment of these opinions.

The Court also determined in its previous opinion that the ALJ failed to elicit a reasonable explanation for an apparent conflict between the jobs that the Vocational Expert identified and Plaintiff's Residual Functional Capacity. *Doc. 20* at 15-20. Defendant offers extensive argument supporting its position that both it and the ALJ were substantially justified in their failure to identify and resolve an apparent conflict. See *Doc. 23* at 5-11. Indeed, Defendant references the opinions of various district courts, which it represents have "adopted the Commissioner's reasoning following the Tenth Circuit's reassessment of GED reasoning levels in *Mounts* and *Anderson*." *Id.* at 10. However, because this Court finds that Defendant's position regarding the treatment of Ms. Coker's opinions was not substantially justified, it becomes unnecessary to evaluate the reasonableness of its position as to this second issue. In other words, the Court's finding of no substantial justification as to one issue on which remand was required entitles Plaintiff's counsel to EAJA fees. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (reasoning that "EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"); *Hackett v. Barnhart*, 475 F.3d 1166, 1173 n.1 (10th Cir. 2007) (rejecting the notion that EAJA fees can be denied because the government prevailed on a majority of issues).

In addition to Plaintiff's request for attorney fees, she also seeks reimbursement for her $400.00 filing fee, as well as for certified mailing for service of process in the amount of $20.04. *Doc. 22* at 2. While filing fees are recoverable, the Tenth Circuit has expressly held that postage fees are not. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th

Cir. 1986) ("Costs for travel expenses and postage fees are not authorized [under EAJA]."); *see also Rodriguez v. Berryhill*, CIV 15-0985 WPL, 2017 WL 3278944, at *3 (D.N.M. Aug. 1, 2017). The Court feels compelled to note, however, that exclusion of recovery postage fees, especially when necessary to accomplish service, seems contrary to the spirit of the EAJA. As discussed by another court in this circuit,

> The *Weakley* court and the cases it relies on read "other expenses" out of the statutory definition. 28 U.S.C. § 2412(d)(2)(A). This court cannot believe Congress intended the definitional section to be read exclusively rather than inclusively. In four other circuits, plaintiff's delivery and travel costs would be included within "other expenses.". . . While this court is bound to follow the law of this circuit as set out in *Weakley*, this court finds that task contrary to the letter and purpose of the statute.

*Robinson v. Sullivan*, 719 F. Supp. 1012, 1014 (D. Kan. 1989) (citations omitted); *see also N.L.R.B. v. Pueblo of San Juan,* 305 F. Supp. 2d 1229, 1237 (D.N.M. 2003) (District Judge Martha Vazquez observing that *Weakley's* "narrow reading of the statute also would contravene the purpose of the EAJA to make competent legal representation available to parties in litigation against the government."). Nevertheless, like the judge in the *Robinson* case, I am constrained by the *Weakley* holding; accordingly, Plaintiff is entitled to only $400.00 in costs in addition to attorney fees.

**IT IS THEREFORE ORDERED** that attorney fees and costs be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,581.70. *See Astrue v. Ratliff*, 13 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's

counsel shall refund the smaller award to Plaintiff pursuant to *Weakly v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent